**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

FILED
JAMES J. WALDRON, CLERK
DEC 22 2015
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____ DEPUTY

Andrew B. Altenburg, Jr.
U.S. BANKRUPTCY JUDGE

(856) 361-2320

December 22, 2015

Michael Gigliotti, Esquire
Cappio & Gigliotti, LLP
2000 Spring Garden Street, Suite 1F
Philadelphia, PA 19130

Terry Tucker, Esquire
Terry Glen Tucker, P.C.
80 West Broad Street
Bridgeton, NJ 08302

RE:   Renzulli v. Ullman
      Adv. Pro. No. 15-01983-ABA

Dear Mr. Gigliotti and Mr. Tucker:

This matter was originally brought before the court on a Motion for Summary Judgment by Joyce Ullman ("Defendant"), who is counsel to Geraldine Renzulli, and a Cross-Motion for Summary Judgment by Frederick Renzulli ("Plaintiff"). On November 23, 2015, the court issued its Memorandum Decision, Doc. Nos. 16 and 17. The Memorandum Decision sets forth the pertinent facts and law concerning the court's decision. Also on November 23, 2015, the court issued its *Order Denying Defendant's Motion For Summary Judgment And Granting Plaintiff's Cross-Motion For Summary Judgment* ("Order"), Doc. No. 18. The Order is a final order that has not been appealed.

By way of the Memorandum Decision and Order, the Debtor was instructed to submit evidence of fair and reasonable fees and costs incurred solely by the Debtor due to Defendant's actions within twenty (20) days of the date of the Order. The Defendant was then to, within seven (7) days thereof, respond as to the reasonableness of the fees and costs. Plaintiff timey made his submissions, Doc. Nos. 21 and 22, seeking fees in the aggregate amount of $6,450. The Defendant timely made a submission, Doc. 23. As the Order is no longer appealable, the sole purpose of this letter is to address the granting of fees pursuant to section 362(k)(1) of the Bankruptcy Code.

The court has already concluded that the Defendant's actions were a blatant and willful violation of the automatic stay that entitles the Plaintiff to some damages under section 362(k)(1). However, the debtor has a duty to mitigate damages and fees should not be "completely overblown". *In re Genesys, Inc.*, 273 B.R. 290, 296 (Bankr. D.D.C. 2001); *In re Thors*, No. ADV 10-1078, 2012 WL 16 58286, at *3 (Bankr. D.N.J. May 11, 2012); *In re Miller*, 447 B.R. 425, 434 (Bankr. E.D. Pa. 2011); *Grine v. Chambers (In re Grine)*, 439 B.R. 461, 466 (Bankr. N.D. Ohio 2010); *In re Preston*, 333 B.R. 346, 350-51 (Bankr. M.D.N.C. 2005); *In re Oksentowicz*, 324 B.R. 628, 630 (Bankr. E.D. Mich. 2005); *Rosengren v. GMAC Mortgage Corp.*, 2001 WL 1149478 (D.

Minn. Aug. 7, 2001); and *In re GeneSys, Inc.*, 273 B.R. 290, 296 (Bankr. D.D.C. 2001). The court finds that fees in the aggregate amount of $6,450 are completely overblown and the Plaintiff failed to mitigate his damages based upon the following, in no particular order:

1. The Plaintiff and other defendant(s) in the State Court Action failed to comply with the State Court Order, necessitating the need for the Petition of Contempt. They would have had to respond to it anyway;

2. The significant delay in actually filing with the Philadelphia Court of Common Pleas the Suggestion of Bankruptcy concerning the Debtor's bankruptcy case. As can be seen from the actual facts of this case, that court required stay relief before considering the Petition for Contempt. Had the Suggestion of Bankruptcy been promptly filed, perhaps the parties could have obviated the need to initially appear but instead wait until stay relief was granted;

3. The automatic stay did not apply to any of the other co-defendants in the State Court Action so the other co-defendants, whom were also represented by both counsels to the Plaintiff, were required to incur fees regardless. Any fees incurred by those parties would have been their responsibility anyway. Indeed, once stay relief was granted, the Plaintiff would have had to incur fees in defending the State Court Action; and

4. The stay violation should have been brought by way of motion rather than through a costly Adversary Proceeding.

Simply put, the court believes that the extensive damages claimed here were unnecessary and perhaps manufactured to increase the amount of damages claimed. The Plaintiff, by failing to abide by the State Court Order, created the need for the Petition for Contempt. Yes, the automatic stay stayed the State Court Action as to the Plaintiff, but it had no impact on the other co-defendants. They had to defend and by doing so, would have to incur fees. In addition, stay relief would have been granted if timely requested, and in fact, when the request was made, that request was uncontested (which raises the question of why fees were generated in the first place). Once stay relief was granted, the Plaintiff would naturally incur costs defending the Petition for Contempt as a result of his failure to abide by the State Court Order. As previously noted, the court is at a complete loss, and is troubled, as to why it took so long for Debtor's counsels to file a Suggestion of Bankruptcy in the State Court Action. This may have avoided any need to appear absent stay relief. Clearly, Plaintiff could have mitigated damages but failed to do so.

Nevertheless, despite actual notice of the bankruptcy filing and warnings, Defendant blatantly ignored the imposition of the automatic stay and acted recklessly, thereby requiring the Plaintiff to take action. The court cannot sit idly by and ignore the Defendant's conscious disregard for the protections afforded by the Bankruptcy Code. Because of those actions, the Plaintiff was required to have his bankruptcy counsel bring the violations to this court's attention. This court

believes, when taking into consideration the extent of the violation, Defendant's glaring disregard of the automatic stay, procedural defects, and Plaintiff's own failure to mitigate damages, that counsel to the Plaintiff should be and shall be allowed four (4) hours of time at a rate of $300 an hour.

Accordingly for the reasons cited above, Joyce Ullman is directed to pay actual damages of $1,200 (4 hours x $300) to the Plaintiff for her willful violation of the stay.

The court will contemporaneously issue a separate order consistent with this letter.

The court reserves the right to further supplement its findings of fact and conclusions of law.

Very truly yours,

Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Encl.